**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | CIV-19- 951-HE |
| | ) | |
| $501,216.00 IN UNITED STATES | ) | |
| CURRENCY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

The United States of America brings this complaint and, in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, alleges the following:

**NATURE OF THE ACTION**

1.     Plaintiff, United States of America, alleges upon information and belief for this *in rem* forfeiture action brought against the Defendant personal property $501,216.00, (the "Defendant Currency") that Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. § 841.

**THE DEFENDANT *IN REM***

2.     Defendant Currency consists of $501,216.00 in United States Currency seized by law enforcement during a traffic stop near mile marker 118 in Canadian County, Oklahoma

on April 18, 2019.  The traffic stop occurred in the Western District of Oklahoma.  The Defendant Currency is currently in the custody of Immigration and Customs Enforcement, Homeland Security Investigations.

3.      On July 12, 2019, Yuhong Li filed a claim of ownership to Defendant Currency with U.S. Customs and Border Protection to contest the administrative forfeiture of the Defendant *in rem*.

## JURISDICTION AND VENUE

4.      Plaintiff brings this action *in rem* to forfeit and condemn the Defendant Currency. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and the Court has jurisdiction over a civil forfeiture action under 28 U.S.C. § 1355(a).

5.      This Court has *in rem* jurisdiction over the Defendant Currency according to 28 U.S.C. § 1355(b), providing that a forfeiture action or proceeding may be brought in the district in which any of the acts or omissions giving rise to the forfeiture occurred.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district.  Furthermore, venue is also proper here pursuant to 28 U.S.C. § 1395, because the property is located in this district.

## BASIS FOR FORFEITURE

7.      The United States alleges that Defendant Currency is subject to forfeiture to the United States because it is the proceeds of criminal activity.  Specifically, the United States

alleges that the Defendant Currency is forfeitable to the United States according to 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C § 841.

8.    Title 21, United States Code, Section 841(a) provides that it shall be unlawful for any person knowingly or intentionally manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a controlled substance.

9.    Title 21, United States Code, Section 881(a)(6) provides the following shall be subject to forfeiture to the United States and no property right shall exist in them:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

## FACTS

10.    On or about April 18, 2019, at approximately 12:15 P.M., while patrolling westbound on Interstate 40 (I-40), Oklahoma Bureau of Narcotics ("OBN") Agent Anthony Moore observed a black Mercedes vehicle (the "Mercedes") make an unsafe lane change.  This is a violation of Oklahoma State law, § 47-11-303.  Agent Moore also observed the Mercedes traveling above the posted speed limit—traveling 75mph in a 70mph zone.  Agent Moore activated his emergency lights and conducted a traffic stop near mile marker 118 in Canadian County, Oklahoma.

11.     Canadian County is located in the Western District of Oklahoma.

12.     Agent Moore approached the stopped Mercedes and identified the driver as Zhenni Jackson ("Jackson").  Agent Moore observed a passenger in the Mercedes as well.

13.     Agent Moore explained to Ms. Jackson why he pulled over the vehicle and asked her to come back to his patrol unit to write her a warning.

14.     In Agent Moore's patrol unit, he spoke with Ms. Jackson about her trip while he wrote her a warning citation.  Ms. Jackson stated she was driving the passenger, Yuhong Li, to California.  Ms. Jackson said she planned to drop Ms. Li and the car off in California and then immediately fly back to work at the spa she owns in Ohio.  Agent Moore asked when her return flight was, to which she replied she had not yet booked a return flight.

15.     Agent Moore asked dispatch to run the registration of the Mercedes.  The vehicle registration received from dispatch did not match the registration provided by Ms. Jackson. During this conversation, Agent Moore noticed that Ms. Jackson appeared anxious, despite being told repeatedly that she would receive a warning.  Agent Moore observed Ms. Jackson's carotid artery pulsating so hard it could be seen moving the scarf she was wearing.

16.     The level of nervousness observed by Agent Moore made him suspicious that Ms. Jackson may be engaged in illegal activity.

17.     Agent Moore went back to the car and spoke with the passenger, Ms. Li.  Ms. Li stated she was the owner of the vehicle and that she and Ms. Jackson were going to California to visit Li's husband, staying for three days and then driving back.  Agent Moore

observed that Ms. Li was smiling, but her face was very rigid as if she was making herself smile.  Ms. Li appeared nervous.  Agent Moore asked for Ms. Li's driver's license and then returned to his unit.  Agent Moore radioed for backup to his location after becoming more suspicious Ms. Li and Ms. Jackson may be engaged in illegal activity due to observing the nervousness of Ms. Li and the different travel plans provided by Ms. Li and Ms. Jackson.  At this point, approximately five minutes had passed since Ms. Jackson went back to Agent Moore's patrol unit.

18.     At approximately 12:26 P.M., OBN Agent Briscoe arrived and deployed her K-9 Unit, Scout, to conduct an open-air sniff around the outside of the Mercedes.  Scout alerted to the odor of an illegal substance coming from inside the Mercedes.

19.     Shortly thereafter, Agent Moore completed the warning and gave it to Ms. Jackson.  Agent Moore explained to Ms. Jackson that the warning had no cost, nor would it go on her record.  Agent Moore explained to Ms. Jackson that the K-9 Unit had alerted to presence of illegal drugs inside the Mercedes.  Agent Moore asked Ms. Jackson if there were illegal drugs in the Mercedes.  Ms. Jackson said, "Definitely not."  Agent Moore asked if there were large amounts of currency inside the vehicle.  Ms. Jackson replied, "That I don't know. Like I said, that's our personal stuff."

20.     Agent Moore left his unit and approached the car to speak with Ms. Li.  Agent Moore explained the K-9 Unit alert to her.  Agent Moore asked if there were any illegal drugs in the car and told her that medical marijuana was legal in Oklahoma, then asked if it was legal in Ohio, to which Ms. Li nodded her head yes.  Agent Moore again asked if

5

there was anything illegal in the car, and Ms. Li said she did not speak English and needed to call her husband.  Agent Moore asked to clarify if she understood English, to which Ms. Li said, "a little bit".  Up to this point in the stop, she seemed to have understood Agent Moore very well.  Agent Moore then asked about large amounts of currency.  Ms. Li said yes, there was some in the car.  Agent Moore asked how much.  Ms. Li said,  "sixty," paused, and then said, "no fifty".  Agent Moore asked if she meant fifty thousand.  Ms. Li said yes.  Agent Moore asked where in the vehicle the money was located.  Ms. Li again said she needed to talk to her husband and became very animated with her hands.  Agent Moore explained he would be searching the vehicle because of the alert and had her return to his vehicle for safety reasons.  He explained to them that no one was under arrest at that time.

21.     During the search of the Mercedes, Agent Moore discovered United States currency inside a Louis Vuitton bag that was placed inside another larger Louis Vuitton bag in the back seat.  The currency appeared to be all $100 dollar bills with $10,000 bank straps around each bundle.  The bank straps appeared to be generic bank straps that you could buy.   Agent Moore counted twenty-nine bundles with $10,000 straps around each, estimating the currency to be approximately $290,000.

22.     The search of the vehicle revealed smaller amounts of bundled currency in two different bags and numerous designer luggage sets.  Some of the bags were new with tags on them.  Agent Moore estimated that individual bags were worth as much as $2,700.

Agent Moore estimated the total value of the bags to be between $15,000 and $20,000, based on tags and receipts.

23.     In a drawer under the front seat of the vehicle there appeared to be marijuana stems and pieces.  A roadside test gave a positive result for the properties of marijuana.

24.     Agent Moore again asked about the amount of currency.  Ms. Li said it was $50,000. Agent Moore again confirmed her travel plans.  These plans differed from the plans that Ms. Jackson previously told Agent Moore.

25.     Agent Moore again asked Ms. Jackson if she knew about the currency.  Ms. Jackson said she did but did not know how much, conflicting with her prior statement that she did not know.

26.     Agent Moore again confirmed with Ms. Li the amount was $50,000 and asked how the money came to be in the bag.  Ms. Li said she had counted the money and put the currency straps on herself.  She then placed the money in the bag. Ms. Li restated it was $50,000.  However, the Mercedes contained several banking slips for large amounts of cash dating back to 2015.  The Mercedes also contained what appeared to be a ledger.

27.     Agent Moore seized the currency and had it transported back to the OBN offices in a locked bag.  A currency shake test was performed prior to counting the currency. The residue that came off from the shake-test tested positive for marijuana and cocaine. The found in the Mercedes totaled $501,216.00 in U.S. Currency.

28.     During the stop, Ms. Li and Ms. Jackson had a conversation in Mandarin Chinese, which Agent Moore did not speak or understand.  A translation of the conversation also

revealed Ms. Jackson and Ms. Li attempting to coordinate their stories.  The conversation also revealed that Ms. Li knew at least $500,000 was inside the Mercedes, despite her telling Agent Moore that only $50,000 was inside the Mercedes.

29.     During the conversation in Mandarin Chinese, Ms. Li instructed Ms. Jackson to tell Agent Moore that Ms. Li did not speak English well.

30.     As a result of the foregoing, the Defendant Currency is liable to condemnation and to forfeiture to the United States in accordance with 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. § 841.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the Defendant Currency; that the Defendant Currency be forfeited to the United States; that Plaintiff be awarded its costs and disbursements in this action; and the Court order any such other and further relief as this Court deems proper and just.

Respectfully submitted,

TIMOTHY J. DOWNING
United States Attorney

/s/ Wilson D. McGarry
WILSON D. McGARRY
Assistant U.S. Attorney
Oklahoma Bar No. 31146
210 Park Ave., Suite 400
Oklahoma City, OK 73102
Telephone:  (405) 553-8700
E-mail:  wilson.mcgarry@usdoj.gov

## **VERIFICATION**

I, Brian Cunningham, hereby verify and declare under penalty of perjury that I am a Special Agent with Homeland Security Investigations, that I have read the foregoing Verified Complaint of Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true. The sources of my knowledge, information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of Homeland Security Investigations.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct. Executed on this 16th day of October, 2019.


_Brian Cunningham_

Brian Cunningham, Special Agent
Homeland Security Investigations


Subscribed and sworn to before me this *16* day of October, 2019.

#0600109-7    1/27/22

NOTARY PUBLIC

SEAL

MEREDITH FAZEKIN
NOTARY
# 06001097
EXP. 01/27/22
PUBLIC
STATE OF OKLAHOMA

10

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Wilson D. McGarry, Assistant U.S. Attorney,
U.S. Attorney's Office, 210 Park, Suite 400, Oklahoma City, OK 73102,
(405) 553-8700

## DEFENDANTS

$501,216.00 IN UNITED STATES Currency

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
John F. Martino
512 NW 12th Street, Oklahoma City, OK 73103
(405) 639-3083

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Matters |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation -
Transfer

☐ 8 Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. § 841.

Brief description of cause:
Defendant property constitutes or is derived from proceeds of a controlled substance

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
10/16/2019

SIGNATURE OF ATTORNEY OF RECORD
s/ Wilson D. McGarry

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____